## THOMAS E. JEREMY ESTATE v. SALT LAKE CITY.

No. 5300.   Decided September 19, 1935.   (49 P. [2d] 405.)

*Walter Wright* and *Herbert Van Dam, Jr.*, both of Salt Lake City, for appellant.

*Fisher Harris*, City Atty., and *E. R. Christensen*, Deputy City Att., both of Salt Lake City, for respondent.

PRATT, District Judge.

On July 24, 1924, Thomas E. Jeremy, now deceased, by written contract gave Salt Lake City a 35-foot right of way across his lands upon which to build a drainage canal. The terms of the contract covering consideration read as follows:

> "That for and in consideration of the sum of One Dollar ($1.00) to him in hand paid, receipt whereof is hereby acknowledged by the grantor, and of the covenants and agreements to be performed by the grantee * * *. And the grantor is given the right to use the waters of said canal for irrigation and other beneficial purposes."

The canal was completed in the fall of 1924, and occupied practically the entire width of the 35-foot right of way. The excavated material, called "spoil-bank," was deposited along the banks of the canal outside of the right of way and on the Jeremy property occupying a strip of land anywhere from 30 feet to 70 feet in width. The contract contains the following provisions:

"That in consideration of the granting of a right-of-way by the grantor, said grantee covenants and agrees that all construction work done in the construction of said canal shall be done in such manner as not to cause damage to the property of the grantor adjacent to said canal. Said grantee will construct and maintain suitable bridges over said canal at such point on the grantor's land as shall be designated by said grantor."

On May 8, 1931, the Thomas E. Jeremy Estate, a corporation, successor in interest to Mr. Jeremy, instituted this action for damages against the city for depositing such spoil-bank upon the Jeremy property, and requested the court for an order compelling the city to remove the bank. The lower court decided in favor of the city and the estate has taken this appeal.

The principal question in the case is that of the statute of limitations. It is the city's contention that the action is barred by the section of the statute applicable to actions upon written instruments (Comp. Laws Utah 1917, § 6466, subd. 2, now Rev. St. Utah 1933, 104-2-22, subd. 2). On the other hand, the estate contends that it is not an action upon a written instrument, but is one to recover the reasonable value of the property taken for public use. In reply to this contention the city claims that the case was not tried on any such theory in the lower court.

It is our opinion that the estate is in error in its contention. In the first place, Mr. Jeremy in his lifetime received full compensation for the right of way. It was the consideration recited in the contract. It makes no difference that that consideration may seem inadequate to the present owners of the land. It satisfied Mr.

Jeremy and must be presumed to have been accepted by him as the reasonable value of the land taken, and the reasonable value of the damage done to his remaining land by the taking of said right of way and its use and occupation for canal purposes. Neither Mr. Jeremy nor his successor in interest have a right to again collect for that damage. So much for the 35-foot right of way.

What about the strip occupied by the spoil-bank? This deposit was not a necessary part of the construction of the canal. See Rev. St. Utah 1933, 104-61-4, subd. 2. It could have been hauled away or could have been disposed of otherwise without the least effect upon the construction, and without interfering with the use of the canal for the purpose for which it was intended. The bank serves no public purpose, nor is it of any public benefit. Inferentially, at least, both parties concede this to be true: The city by claiming, as it did, that the deposit was so made at the request of Mr. Jeremy; the estate by praying that the court make an order requiring the city to remove the bank.

Furthermore, the estate in its complaint quotes the clauses of the contract we have set out above and then alleges in effect a breach of that paragraph pertaining to building that canal in such a manner as not to injure the Jeremy property. These allegations were unnecessary, if the plaintiff sought reimbursement for property taken for public use. The complaint asks the court to compel the city to remove the spoil-bank. Upon what principle of law may the plaintiff recover the value of land taken for public purposes and then deprive the public of the benefit of that taking?

Possibly, it may be said that plaintiff did have in mind some theory involving the principles of eminent domain in its trial of the case in the lower court, and evidenced that theory by questions calling for a difference between the value of the land before the canal and the bank were placed there and the value of the land after they were constructed.

However, many of these questions were erroneous, as they called for an adjudication by the court upon the matter of damages resulting from construction of the canal as distinguished from the deposit of the spoil-bank, which damages have been settled by agreeing upon and accepting the amount of consideration set out in the contract for the granting of the right of way.

We feel justified in saying from a consideration of this contract that Mr. Jeremy, at the time he entered into it, anticipated the possibility of the city, in constructing said canal, becoming more or less indifferent as to his rights, and for that reason required, in the contract, a provision that the canal should be constructed in such a manner as not to injure the remainder of his property. It is quite clear from the pleading that the estate has treated the action of the city in depositing the spoil-bank on the Jeremy property as a violation of that provision. Damages arising out of the carelessness or negligence or indifference in the construction of a utility upon land taken for public use are not damages contemplated by the statutes as recoverable under the principles of law pertaining to eminent domain proceedings (Rev. St. 1933, 104-61-1 et seq.). There seems to be no other conclusion to reach than that the theory of plaintiff's case in the lower court was not that of the recovery of the value of property taken for public use, but was a theory of recovering damages for a breach of the provisions of the contract above referred to, and an effort to have the court compel the city to rectify what it had done. Incidentally, we might refer to the fact, as additional evidence of the correctness of our views, that included within the cause of action of these damages without segregation into a separate count, or cause of action, plaintiff seeks recovery for the maintenance of one of the bridges over the canal, which, by a provision of the contract, above quoted, it was the duty of the city to maintain. To say that such damage is not recoverable under the principles of eminent domain seems superfluous.

We do not wish to infer that the city has acquired a prescriptive right which would compel the owners of the Jeremy property to leave the spoil-bank on their property. That issue is not involved in this case. As to whether or not the plaintiff may proceed to remove that bank is not before us; but if it has that right, it has by reason of the statute of limitations lost its right to place the burden of that removal upon the shoulders of the city.

There is another point raised by the parties which we must discuss. It is the contention of plaintiff that regardless of the view we may take of the case as to the theory of trial in the lower court, plaintiff was at least entitled to recover the amount of money expended in the maintenance of one of the bridges across the canal. It ■ may be that under the evidence a portion of this expense is recoverable, so far as the statute of limitations is concerned. However, to the complaint, the defendant has raised the question of plaintiff's right to recover by reason of the section of the statute which requires the filing of a verified claim with the city prior to the institution of the action. Under the evidence of this case no such claim was filed for the moneys expended on this bridge, and as a result recovery thereon is barred by provisions of Rev. St. Utah 1933, 15-7-77.

The lower court decided these issues as we have decided them, and decided other points involved in the case against the plaintiff. As we have decided the plaintiff is not entitled to recover in this case by reason of the sections of the statute referred to in our decision, it is unnecessary for us to discuss any further points involved.

The decision of the lower court is affirmed, and the case is remanded with costs to respondent.

ELIAS HANSEN, C. J., and EPHRAIM HANSON, MOFFAT, and WOLFE, JJ., concur.

FOLLAND, J., being disqualified, did not participate herein.