Edwin D. Park Land & Cattle Company, a Utah corporation, Defendants and Appellants.

No. 890410–CA.

Court of Appeals of Utah.

Jan. 17, 1990.

Don R. Petersen and Leslie W. Slaugh, Provo, for defendants and appellants.

M. Byron Fisher and Randy K. Johnson, Salt Lake City, for plaintiff and respondent.

Before BENCH, GARFF and ORME, JJ.

BENCH, Judge:

This is an appeal from a condemnation action filed by plaintiff Intermountain Pow-

INTERMOUNTAIN POWER AGENCY, a political subdivision of the State of Utah, Plaintiff and Respondent,

v.

BOWERS–IRONS RECREATION LAND & CATTLE COMPANY, a partnership; George H. Park, Marida G. Park, and

er Agency (IPA) against defendant landowners. The parties stipulated to a judgment for taking portions of defendants' property for a power line easement, but defendant Bowers–Irons Recreation Land & Cattle Co. (Partnership) appeals the trial court's rulings on construction and fencing damages within the easement. We affirm.

In November 1983, IPA filed an action to condemn a 150–foot–wide easement for the construction of two electric power lines over Partnership's land. Although other defendants were joined as parties because of a boundary dispute, that dispute was eventually settled and those defendants disclaimed any interest in the condemnation action. Partnership then stipulated to the fair market value of the easement, but reserved for trial its claim for damages "incidental" to the condemnation action. On its reserved claim, Partnership sought construction damages within the easement, construction damages outside the easement, damages for the disruption of fencing, and damages for severance of a homesite.

Prior to trial, the court excluded evidence of construction damages within the easement, ruling that the parties' "settlement with respect to the fair market value of the easement taken is inclusive of all items that are within the easement itself." At the close of Partnership's case, the court struck testimony regarding the claims for disruption of fencing and for homesite severance. The court determined that the parties' settlement regarding fair market value of the easement had included the fencing damages, and that there was no admissible evidence to support a claim for damages for homesite severance. The remaining issue, construction damages occurring outside the easement, was then settled.

On appeal, Partnership argues that the trial court erred in excluding evidence of construction damage occurring within the easement. Partnership claims that the stipulated compensation for the easement "was premised upon the belief that the land within the confines of the easement . . . would be returned to its original state." This belief derives from what Partnership

claims to be IPA's responsibility under the law to return the easement to its original condition. Alternatively, Partnership claims that in IPA's answers to interrogatories, IPA promised to regrade and reseed the easement. Partnership now contends it is entitled to the benefit of its bargain.

A second issue on appeal involves Partnership's claim that the trial court committed error in striking testimony about damages incurred by disruption of fencing. Specifically, Partnership argues that cattle guards should have been installed in places where fences were cut during the construction of access roads. Although IPA installed wire gates in the fence openings, Partnership claims that such gates were inadequate to control cattle and to restore the land to its original condition.

■■■ We begin our analysis by noting that compensation and damages in condemnation proceedings in Utah are assessed according to statute. Recovery is provided for three sources of damage: the value of the property and its improvements, the severance of parcels from the property to be condemned, and construction damage to property not taken. Utah Code Ann. § 78–34–10 (1987). The "value" of the condemned property is considered to be the fair market value of the property on the date the summons is served in the condemnation proceeding. *See Weber Basin Water Conservancy Dist. v. Ward*, 10 Utah 2d 29, 32, 347 P.2d 862, 863 (1959), *overruled on other grounds, Redevelopment Agency of Salt Lake City v. Grutter*, 734 P.2d 434 (Utah 1986); Utah Code Ann. § 78–34–11 (1987).

Partnership urges us to decide as a matter of law that it is entitled to recovery for a fourth category of damages not expressly provided for in section 78–34–10, to wit, damages *on* the condemned property. We decline to do so. Prior to the parties' agreement on the value of the condemned property, IPA moved for an order of immediate occupancy. In support of that motion, IPA submitted the affidavit of a professional real estate appraiser who had inspected Partnership's property. The appraiser concluded that "the value of the

property sought to be condemned as described in the Amended Complaint and the *damages which would accrue from such condemnation* is $17,000." (Emphasis added.)

That sum, $17,000, is the amount eventually accepted by Partnership as "full settlement" of the value of the condemned property. The parties' stipulation, if ever reduced to writing, is not contained in the record. Although the parties agree that Partnership's claim for incidental damages was reserved for further consideration, there is nothing in the record that indicates agreement as to what those incidental damages would consist of. Without this evidence, we are left with the trial court's oral finding that the parties' agreement of fair market value had already taken the damages on the easement into account. Rule 11 of our appellate rules "directs counsel to provide this court with *all evidence* relevant to the issues raised on appeal." *Sampson v. Richins*, 770 P.2d 998, 1002 (Utah Ct.App.1989). In the absence of a complete record, we must presume that the trial court's finding is "supported by competent and sufficient evidence." *Id.*

We thus conclude, as did the trial court, that the parties' agreement accounted for "all of the aspects involved in the easement," and that Partnership was fully compensated for the condemnation of its property.

Many of the authorities cited by Partnership appear to discuss additional recovery on legal theories other than condemnation. While it is possible that Partnership may have a cause of action grounded in breach of contract, negligence, or some other theory, the pleadings below consist entirely of IPA's condemnation claim. *See, e.g., Thomas E. Jeremy Estate v. Salt Lake City,* 87 Utah 370, 374, 49 P.2d 405, 407 (1935) (action for damages due to construction of drainage canal sounded in contract, not condemnation). We express no opinion whether a separate action would lie for the recovery of damages Partnership alleges to have occurred on the easement.

The rulings of the trial court are affirmed.

GARFF and ORME, JJ., concur.