1999 UT 82

**Debra SPOONS, Plaintiff and Appellant,**

v.

**The Honorable Leslie LEWIS, Ronald Yengich, and the Utah Association of Criminal Defense Attorneys, Defendants and Appellee.**

No. 980176.

Supreme Court of Utah.

Sept. 3, 1999.

Debra Spoons, pro se.

Jan Graham, Att'y Gen., Nancy L. Kemp, Asst. Att'y Gen., Salt Lake City, for Judge Lewis.

Stephen J. Trayner, Salt Lake City, for Ronald Yengich.

RUSSON, Justice:

¶ 1 This case arises out of Debra Spoons' lawsuit against the Honorable Leslie Lewis, Ronald Yengich, and the Utah Association of Criminal Defense Attorneys. The suit alleges that defendants tortiously conspired to interfere with Ms. Spoons' "reasonable economic expectancies." This appeal involves only Ms. Spoons' claims against Judge Lewis. Upon receipt of Ms. Spoons' complaint, Judge Lewis moved for dismissal pursuant to Utah Rule of Civil Procedure 12(b)(1). Judge Lewis asserted that the district court had no subject matter jurisdiction over Ms. Spoons' suit because Ms. Spoons had failed to comply with the Utah Governmental Immunity Act's notice of claim provisions. The district court granted the motion, and Ms. Spoons appeals.

¶ 2 Ms. Spoons was a bailiff at the Third District Court. In her complaint, she alleges that she was involved in an ongoing dispute with attorney Ron Yengich concerning court security procedures, which culminated in an incident in which Yengich "hit[ ] her on the buttocks" and became verbally abusive after Ms. Spoons protested. Thereafter, Ms. Spoons claims, "Defendant[s] Yengich, Lewis, and the Utah Association of Criminal Defense Attorneys entered into a pervasive conspiratorial and unjustified course of tortious malicious, wilful, vicious, and wanton conduct for the specific purpose of securing the termination of Plaintiff's employment, ruining her reputation, and destroying her law enforcement career...." These harms were allegedly accomplished

by contacting members of the bar and courthouse staff members, and encouraging them to write trumped up complaints against Plaintiff; by making false and slanderous statements about Plaintiff to the press and to public officials; and by putting overwhelming pressure on the Sheriff to terminate Plaintiff's employment, all the while knowing and intending that her career would be destroyed.

¶ 3 Ms. Spoons filed her suit without complying with the Governmental Immunity Act's notice of claim provisions.[1] On appeal, Ms. Spoons raises three arguments. She contends that (1) the district court erred by failing to treat Lewis' motion to dismiss as a motion for summary judgment because Lewis' motion included affidavits verifying Ms. Spoons' failure to file notice; (2) the Governmental Immunity Act does not apply to Judge Lewis because Lewis is not "an employee" of the government, but is instead a "public officer"; and (3) her suit was brought against Judge Lewis only in Lewis' capacity as a private person.

¶ 4 Ms. Spoons' first argument mistakenly assumes that a motion to dismiss for lack of subject matter jurisdiction under rule 12(b)(1) is converted to a motion for summary judgment if affidavits are attached. Rule 12 states that if a motion based on subsection (b)(6), or a motion for judgment on the pleadings (after the pleadings are closed), includes matters outside the pleadings, it shall be treated as a motion for summary judgment. *See* Utah R. Civ. P. 12(b)(6), 12(c). The purpose of this provision is to allow parties an adequate opportunity to rebut materials outside the pleadings. *See Bekins Bar V Ranch v. Utah Farm Prod. Credit Ass'n*, 587 P.2d 151, 152 n. 4 (Utah 1978).

¶ 5 Rule 12, however, does not convert motions based on subsections (b)(1) through (5) (which are raised as part of the initial responsive pleadings) into motions for summary judgment simply because they include some affirmative evidence relating to the basis for the motion. In this case, Judge Lewis attached affidavits from relevant government officials for the purpose of demonstrating that Ms. Spoons had not filed a notice of claim. On appeal, Ms. Spoons openly admits she did not comply with the notice of claim provisions. Ms. Spoons therefore cannot complain that the district court's treatment of the motion prevented her from rebutting the evidence establishing her failure to comply with the notice statute.

¶ 6 Ms. Spoons also incorrectly reads the Governmental Immunity Act's applicability to judges. Section 63–30–2(2)(a) of the Act states that the term " '[e]mployee' includes a governmental entity's officers." Judge Lewis is an officer of a state governmental entity, the judiciary. Therefore, the notice of claim requirement applies to her with respect to all acts or omissions "occurring during the performance of [her] duties, within the scope of employment, or under color of authority." Utah Code Ann. §§ 63–30–11(2), –13. This coverage extends to all of Judge Lewis' official judicial acts, as well as to her administrative responsibilities while she was the presiding judge of the Third District. Insofar as Judge Lewis acted under "color of authority," for instance, to influence the sheriff's office with respect to Ms. Spoons' employment status, the district court would have no jurisdiction to entertain a claim based on the exercise of that influence unless Ms. Spoons filed proper notice of claim.

¶ 7 However, in this case Ms. Spoons' complaint merely alleges that Judge Lewis engaged in a conspiracy to terminate Ms. Spoons' employment; it does not designate the context in which Judge Lewis' allegedly tortious acts occurred. The precise factual bases for Ms. Spoons' claims against Judge Lewis were not specified in the complaint.

---

1. The relevant notice of claim provisions were located at Utah Code Ann. §§ 63–30–11 to –13 (1997). *See also Larson v. Park City Mun. Corp.*, 955 P.2d 343, 344–45 (Utah 1998) (describing jurisdictional nature of notice provision). These sections recently have been amended. For claims against the state, notice now need be filed only with the attorney general. *See* Utah Code Ann. § 63–30–11(3)(b)(ii)(E) (Supp.1998); *id.* § 63–30–12. Ms. Spoons filed her complaint in August of 1997, prior to the effective date of these amendments. Moreover, it is undisputed that she failed to file a proper notice of claim with any agency whatsoever.

If Ms. Spoons can maintain any viable claims that Judge Lewis engaged in a conspiracy occurring outside the performance of her duties, not within the scope of her employment, and not under color of authority, the Governmental Immunity Act's notice of claim provisions would not apply. In such a case, the district court would have jurisdiction to entertain the suit. The dismissal in this case was premature. We reverse and remand.

¶ 8 Chief Justice HOWE, Associate Chief Justice DURHAM, Justice STEWART, and Justice ZIMMERMAN concur in Justice RUSSON'S opinion.

