2002 UT 46

Dale **WHEELER**, Plaintiff and Appellant,

v.

Mark R. **McPHERSON**, an individual, and Kane County Sheriff's Department, Defendants and Appellees.

No. 20010237.

Supreme Court of Utah.

April 30, 2002.

---

Ronald E. Dalby, Salt Lake City, for plaintiff.

Peter Stirba and Aimee K. Martinez, Salt Lake City, for defendants.

WILKINS, Justice:

¶ 1 Plaintiff Dale Wheeler appeals from an order dismissing his complaint against Mark R. McPherson and the Kane County Sheriff's Department. The district court dismissed plaintiff's complaint for lack of subject matter jurisdiction because plaintiff failed to comply with the notice of claim requirements of the Utah Governmental Immunity Act. We affirm.

¶ 2 This case arises from the same car accident mentioned in the recently-decided companion case, *Wheeler v. McPherson*, 2002 UT 16, 40 P.3d 632. On September 27, 1998, in Kane County, Utah, a vehicle driven by Mark McPherson, who plaintiff alleges was acting within the scope of his employment as an employee of Kane County, collided with a vehicle driven by plaintiff.

¶ 3 In this case, plaintiff sued McPherson and the Kane County Sheriff's Department, alleging negligence. Prior to filing his complaint, plaintiff allegedly sent two letters, one dated August 3, 1999, and another dated September 24, 1999, entitled "Notice of Claim" to each of the three Kane County Commissioners. Plaintiff also asserts he sent a copy of each letter to Kane County's insurer, the Utah Association of Counties Insurance Mutual. These letters were addressed to the Kane County Commissioners and sent by certified mail to the Kane County offices and received by Karla Johnson, clerk auditor of Kane County, who signed for the certified notices.[1]

¶ 4 Defendants moved to dismiss, claiming plaintiff failed to strictly comply with the notice of claim requirement of the Governmental Immunity Act, Utah Code Ann. § 63–30–11(3)(b)(ii)(B) (1998). The district court granted the motion and dismissed plaintiff's complaint for lack of subject matter jurisdiction. Plaintiff appeals, claiming the letters addressed and mailed to the Kane County Commissioners constitute adequate filing of a notice of claim under the Utah Governmental Immunity Act, and that Kane County should be estopped from raising its notice of claim defense. The parties, after acknowledging in correspondence with the court that the issues presented in this case were argued in *Wheeler v. McPherson*, 2002 UT 16, 40 P.3d 632, stipulated to submitting the case on the briefs.

¶ 5 The law enunciated in the companion case of *Wheeler v. McPherson*, 2002 UT 16, 40 P.3d 632, is dispositive of the issues in this case. Neither party has demonstrated how the legal issues in this case differ from those presented and decided in that case. Accordingly, for the reasons explained in *Wheeler v. McPherson*, 2002 UT 16, 40 P.3d 632, the judgment of the trial court in the instant case is affirmed.

¶ 6 Chief Justice DURHAM, Associate Chief Justice DURRANT, Justice HOWE, and Justice RUSSON concur in Justice WILKINS' opinion.

---

1. Plaintiff attached photocopies of these letters to his appellate brief, but the record does not contain copies of these letters. The only record evidence that any such letters were delivered is found in the allegations of the complaint, the body of defendants' memorandum in support of the motion to dismiss, the body of plaintiff's memorandum in opposition to the motion to dismiss, and the district court's order dismissing the complaint. To the contrary, clearly included in the record is the affidavit of Karla Johnson, Kane County Clerk, indicating that no notice of claim was delivered and directed to the Kane County Clerk as of September 27, 1999.