2003 UT App 388

**Anthony H. COOMBS, an individual; Scott Haslam, an individual; Judith M. Haslam, an individual; and HASCO, LLC, a Utah limited liability company, Plaintiffs and Appellants,**

v.

**JUICE WORKS DEVELOPMENT, INC., an Arkansas corporation; TCBY Systems, Inc., an Arkansas corporation; Mrs. Fields Original Cookies, Inc., a Delaware corporation; Mrs. Fields, Inc.; Mrs. Fields Brand, Inc.; Mrs. Fields Holding Company, Inc.; and Mrs. Fields Famous Brands, Defendants and Appellees.**

**No. 20020720–CA.**

Court of Appeals of Utah.

Nov. 14, 2003.

Conrad B. Houser, Salt Lake City, for Appellants.

Deno G. Himonas, Jones Waldo Holbrook & McDonough, Salt Lake City, for Appellees.

Before JACKSON, P.J., BENCH, and GREENWOOD, JJ.

OPINION

GREENWOOD, Judge:

¶ 1 Anthony Coombs, Scott Haslam, Judith Haslam, and HASCO, LLC (collectively,

**1.** Although the caption of this case lists Mrs. Fields, Inc., Mrs. Fields Brand, Inc., Mrs. Fields Holding Company, Inc., and Mrs. Fields Famous Brands as defendants in this action, these entities were never served. Therefore, the only participating defendants in this action are Juice Works Development, Inc., TCBY Systems, Inc., and Mrs. Fields Original Cookies, Inc.

Plaintiffs) appeal the trial court's grant of a motion to dismiss brought by Juice Works Development, Inc., TCBY Systems, Inc., and Mrs. Fields Original Cookies, Inc. (collectively, Defendants).[1] Defendants brought the motion to dismiss based on a forum selection clause in a contract between franchisee Plaintiffs and franchisor Juice Works. Based on the forum selection clause, the trial court granted Defendants' motion. We affirm.

BACKGROUND [2]

■ ¶ 2 Anthony Coombs, Scott Haslam, and Judith Haslam were doing business through HASCO Synergetics, LLC, and were awarded a Juice Works franchise. HASCO and Juice Works entered into the Juice Works Franchise Agreement (the Agreement) on June 5, 1997. The Agreement contains a forum selection clause, which states,

F. *EXCLUSIVE JURISDICTION*

FRANCHISEE and the COMPANY agree that any action arising out of or relating to this Agreement (including, without limitation, the offer and sale of the franchise rights) shall be instituted and maintained only in a state or federal court of general jurisdiction in Pulaski County, Arkansas, and FRANCHISEE irrevocably submits to the jurisdiction of such court and waives any objection FRANCHISEE may have either to the jurisdiction or venue of such court.

G. *BINDING EFFECT*

This agreement is binding upon the parties hereto and their respective executors, administrators, heirs, assigns, and successors in interest, and shall not be modified except by written agreement signed by both FRANCHISEE and the COMPANY.

After the Agreement was signed, Plaintiffs opened a Juice Works store in Salt Lake

**2.** "In reviewing a motion to dismiss under rule 12(b)(3) of the Utah Rules of Civil Procedure, we view the facts and 'construe the complaint in the light most favorable to the plaintiff and indulge all reasonable inferences in his favor.'" *Prows v. Pinpoint Retail Sys., Inc.*, 868 P.2d 809, 810 (Utah 1993) (quoting *Mounteer v. Utah Power & Light Co.*, 823 P.2d 1055, 1058 (Utah 1991)).

City, Utah. They closed their franchise in March 2000, and subsequently filed suit in Utah state court, claiming breach of contract, fraud, concealment, breach of fiduciary duty, and negligence.

¶ 3 Defendants filed a Motion to Dismiss for improper venue, based on the forum selection clause in the Agreement. The clause expressly provides that "any action *arising out of or relating to this Agreement*" shall be brought only in Arkansas courts. (Emphasis added.) Despite this provision, Plaintiffs claim suit should be permitted in Utah. They maintain that they have never been to Arkansas, the contract was not negotiated or entered into in Arkansas, and that they have only exchanged a few phone calls with individuals in Arkansas. Plaintiffs' complaint alleges that Juice Works, an Arkansas corporation, was in some manner purchased by TCBY Systems, Inc., which is owned or operated by Mrs. Fields Original Cookies, Inc. Because Mrs. Fields's corporate business offices are in Utah, Plaintiffs argue suit should be permitted in Utah.

¶ 4 After oral argument on Defendants' Motion to Dismiss, the trial court allowed limited discovery on the financial impact that litigating in Arkansas would have on Plaintiffs. Based on this discovery, Defendants argued that Plaintiffs have sufficient funds to maintain suit in Arkansas. In response, Plaintiffs argued that Defendants overstated Plaintiffs' assets, and that the test for venue entails more than whether they can afford to litigate in a distant forum. The Motion to Dismiss was renewed and subsequently granted, based on the trial court's holding that Plaintiffs had not met their burden of establishing that the forum selection clause should not be enforced. Plaintiffs appeal.

## ISSUE AND STANDARD OF REVIEW

■■ ¶ 5 Plaintiffs claim on appeal that the trial court erred when it granted Defendants' Motion to Dismiss under Utah Rule of Civil Procedure 12(b)(3). This court reviews a trial court's dismissal based on a forum selection clause for abuse of discretion. *See Prows v. Pinpoint Retail Sys., Inc.*, 868 P.2d 809, 810 (Utah 1993); *see also O'Brien Eng'g Co., Inc. v. Continental Machs., Inc.*, 738 So.2d 844, 846 n. 2 (Ala.1999) (listing Utah among courts that apply abuse of discretion standard "in reviewing a lower court's order dismissing a case because of a forum selection clause").

## ANALYSIS

■■ ¶ 6 Plaintiffs argue that the trial court improperly granted Defendants' Motion to Dismiss, which was based on a clause designating Arkansas as the sole forum for any actions arising out of or relating to the Agreement. Plaintiffs maintain they should be permitted to bring suit in Utah, despite the forum selection clause, because the clause was not negotiated, the franchise was in Utah, and Defendants have a significant presence in Utah. Plaintiffs also argue that the trial court abused its discretion by narrowly focusing on Plaintiffs' financial ability to litigate in Arkansas.[3]

■■ ¶ 7 Before reviewing the trial court's dismissal, we briefly discuss what may be considered in our review. Defendants' motion to dismiss for improper venue was brought under rule 12(b)(3) of the Utah Rules of Civil Procedure. Accordingly, this court may consider facts alleged outside the complaint, as did the trial court. Rules

---

**3.** Additionally, Plaintiffs argued for the first time during oral argument before this court that the forum selection clause should not be enforced because it would bifurcate their claims. Plaintiffs argued that because the complaint enumerates both tort and contract claims, if the clause is enforced they will be required to litigate the contract claims in Arkansas and the tort claims in Utah. " 'We will not address any new arguments raised for the first time on appeal.' " *Smith v. Four Corners Mental Health Ctr., Inc.*, 2003 UT 23, ¶ 19, 70 P.3d 904 (quoting *Treff v. Hinckley*, 2001 UT 50, ¶ 9 n. 4, 26 P.3d 212 (other

citation omitted)). A review of the record and the briefs in this case reveals that Plaintiffs did not previously argue this theory.

In any event, the Agreement expressly provides that *"any action arising out of or relating to this Agreement"* shall be brought in Arkansas courts. (Emphasis added.) This language appears to account for both tort and contract claims that arise out of or relate to the Agreement. Plaintiffs' claims in this action all arise out of Defendants' alleged misrepresentations or failures to perform under the Agreement.

12(b)(1) to—(5) motions are not converted " 'into motions for summary judgment simply because they include some affirmative evidence relating to the basis for the motion.' " *Wheeler v. McPherson*, 2002 UT 16,¶ 20, 40 P.3d 632 (quoting *Spoons v. Lewis*, 1999 UT 82,¶ 5, 987 P.2d 36). One reason a motion to dismiss for improper venue is not converted into a motion for summary judgment is because a party is not required to state facts in the complaint sufficient to establish "that there is no contract that precludes the plaintiff from proceeding in the forum it has chosen." *Simon v. Navellier Series Fund*, No. 17734, 2000 WL 1597890, 2000 Del. Ch. LEXIS 150 (Del. Ch. Oct. 19, 2000), at \*13 (adopting flexibility allowed in addressing motions under Federal Rules of Civil Procedure 12(b)(1) to—(5)).

¶ 8 In this case, the parties submitted affidavits and the court granted limited discovery on the motion to dismiss. Similarly, in *Salt Lake Tribune Publishing Co. v. Memmott*, 2001 UT 83, 40 P.3d 575, the trial court "granted limited discovery on the facts relating to venue, creating a record in addition to the allegations in the complaint." *Id.* at ¶ 4. In reviewing the question of venue, the court relied on facts alleged in the complaint, "supplemented where appropriate by the materials obtained through discovery." *Id.* So too in this case, this court relies on the complaint, affidavits, and the limited record created through discovery.

¶ 9 The Utah Supreme Court first considered the validity of a forum selection clause such as the one at issue in this case in *Prows v. Pinpoint Retail Systems*, 868 P.2d 809 (Utah 1993). In *Prows*, the court specifically adopted "section 80 of the Second Restatement of Conflict of Laws: 'The parties' agreement as to the place of the action will be given effect unless it is unfair or unreasonable.' " *Id.* at 812 (quoting Restatement (Second) of Conflict of Laws § 80 (Supp. 1988)). The court stated,

Under this section, a plaintiff who brings an action in violation of a choice-of-forum provision bears the burden of proving that enforcing the clause is unfair or unreasonable.

To meet this burden, a plaintiff must demonstrate that the "chosen state would be so seriously an inconvenient forum that to require the plaintiff to bring suit there would be unjust."

*Id.* (citations and footnote omitted).

¶ 10 In defining the weight of this burden, the *Prows* court looked to *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). *See Prows*, 868 P.2d at 811. " '[I]t should be incumbent on the party seeking to escape his contract to show that trial in the contractual forum will be [so] gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court.' " *Id.* at 812 (alterations in original) (quoting *M/S Bremen*, 407 U.S. at 18, 92 S.Ct. at 1917). The *M/S Bremen* court also stated that forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *Id.* at 10, 92 S.Ct. at 1913 (footnote omitted).[4] Finally, where a forum selection clause is "obtained through 'freely negotiated' agreements and [is] not 'unreasonable and unjust,' [its] enforcement does not offend due process." *Phone Directories Co., Inc. v. Henderson*, 2000 UT 64,¶ 15 n. 9, 8 P.3d 256 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 n. 14, 105 S.Ct. 2174, 2182 n. 14, 85 L.Ed.2d 528 (1985) (other citations omitted)).

¶ 11 Plaintiffs in this case attempt to meet this heavy burden of showing that the forum selection clause is either unfair or unreasonable. As previously noted, Plaintiffs argue that: (1) the forum selection clause was not negotiated and therefore should not be enforced; (2) because Defendants have a significant presence in Utah, suit should be permitted in Utah; and (3) the trial court

---

4. Although *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972) was an admiralty case, its principles have been generally applied in domestic forum selection cases. *See, e.g., Prows*, 868 P.2d at 811–13; *Gil-*man v. Wheat, First Sec., Inc.*, 345 Md. 361, 377–78, 692 A.2d 454 (1997) (listing non-admiralty Supreme Court cases applying principles of *M/S Bremen*).

improperly relied on Plaintiffs' financial ability to litigate in Arkansas.

¶ 12 Plaintiffs first claim that the Agreement was not freely negotiated and therefore they should not be subject to it. Plaintiffs argue that they did not read the forty page Agreement and that there was no opportunity to discuss or alter any of the terms in the Agreement. However, the United States Supreme Court has noted that a forum selection clause in a non-negotiated form contract is valid, so long as it is not fundamentally unfair. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595, 111 S.Ct. 1522, 1528, 113 L.Ed.2d 622 (1991) (upholding forum selection clause included in three page form attached to cruise ship ticket); *accord M.B. Rests., Inc. v. CKE Rests., Inc.*, 183 F.3d 750, 753 (8th Cir.1999) (enforcing forum selection clause in franchise agreements).

¶ 13 Moreover, Plaintiffs do not argue that the forum selection clause was unfair, only that they did not read it. They do not argue that the clause was invalid for reasons such as fraud or overreaching, *see Prows*, 868 P.2d at 812 n. 5, nor do they offer any other legitimate reason that the court should not "give effect to the legitimate expectations of the parties, manifested in their freely negotiated agreement." *M/S Bremen*, 407 U.S. at 12, 92 S.Ct. at 1914. Accordingly, we reject Plaintiffs' argument.

¶ 14 Next, Plaintiffs argue that suit should be permitted in Utah because the franchise at issue was located in Utah and Defendants have a significant presence through related entities in Utah. The complaint alleges that although Juice Works is an Arkansas corporation, Plaintiffs believe Juice Works was in some manner purchased or acquired by TCBY Systems, Inc., a company owned and run by Mrs. Fields Original Cookies, Inc. Because Mrs. Fields is headquartered in Utah, Plaintiffs assert suit should be allowed in Utah.

¶ 15 Plaintiffs' argument disregards the legal test for whether a forum selection clause should be enforced: whether suit in the contracted-for venue would be "unfair or unreasonable" or whether enforcing the clause would in effect deny Plaintiffs their day in court. *Prows v. Pinpoint Retail Sys.*, 868 P.2d 809, 812 (Utah 1993). Further, even when we "view the facts and 'construe the complaint in the light most favorable to the plaintiff and indulge all reasonable inferences in his favor,' " *id.* at 810 (citation omitted), Plaintiffs' argument fails. Ownership or management of Juice Works is not relevant to the forum selection clause which was accepted and signed by both parties to the Agreement. A primary reason for forum selection clauses is to protect a party, in this case Juice Works, from " 'having to litigate in distant forums all over the nation. . . . [S]uch provisions should be enforced when invoked by the party for whose benefit they are intended.' " *Medical Legal Consulting Serv., Inc. v. Covarrubias*, 648 F.Supp. 153, 155 (D.Md.1986) (citation omitted). Further, Plaintiffs do not demonstrate why Defendants should not be entitled to "the benefit of [their] bargain which includes the forum selection clause," *id.*, even if ownership of Juice Works has changed.

¶ 16 Lastly, Plaintiffs maintain the trial court abused its discretion by improperly focusing on their financial ability to maintain suit in Arkansas.[5] This argument misconstrues the trial court's holding. While the trial court did allow limited discovery on Plaintiffs' financial resources, it did not dismiss the suit merely because Plaintiffs appear financially able to manage the increased costs of litigating in a distant forum. Rather, the trial court's Memorandum Decision states that Plaintiffs failed to meet their burden to establish that suit in Arkansas would be "[so] gravely difficult and inconvenient that [Plaintiffs] will for all practical purposes be deprived of [their] day in court." *See Prows*, 868 P.2d at 812 (first alteration in original) (quotations and citation omitted). The facts of this case are significantly differ-

---

5. Additionally, Plaintiffs maintain that despite the limited discovery which was conducted, litigating in Arkansas would be a severe financial burden for them. "[I]nconvenience to a party is an insufficient basis to defeat an otherwise enforceable forum selection clause." *M.B. Rests., Inc. v. CKE Rests., Inc.*, 183 F.3d 750, 753 (8th Cir.1999).

ent from those in *Prows,* where enforcement of the forum selection clause would have required suits in two forums and the impossible burden of proving conspiracy absent one of the two alleged conspirators. *See id.* at 813. Accordingly, the court's dismissal in this case was based on more than the financial impact of litigating in Arkansas, contrary to Plaintiffs' argument.

### CONCLUSION

¶17 The trial court's grant of Defendants' Motion to Dismiss was not an abuse of discretion. Plaintiffs failed to meet their burden of demonstrating that the forum selection clause contained in the parties' Agreement was unfair or unreasonable, or that enforcement of the clause would deny Plaintiffs their day in court. We affirm.

¶18 WE CONCUR: NORMAN H. JACKSON, Presiding Judge and RUSSELL W. BENCH, Judge.