**2018 UT App 215**

## THE UTAH COURT OF APPEALS

ROZALIND MURPHY AND NICOLE RADFORD,
Appellants,
*v.*
SEAN WHALEN AND FLIP AVENUE LLC,
Appellees.

Opinion
No. 20170730-CA
Filed November 16, 2018

Fourth District Court, Provo Department
The Honorable Darold J. McDade
No. 160400282

Trevor Brett Fugate and Michael R. Anderson,
Attorneys for Appellants

Richard J. Armstrong, Attorney for Appellees

JUDGE KATE A. TOOMEY authored this Opinion, in which
JUDGES GREGORY K. ORME and RYAN M. HARRIS concurred.

TOOMEY, Judge:

¶1 Rozalind Murphy and her daughter Nicole Radford (collectively, Buyers) appeal the district court's grant of summary judgment in favor of Sean Whalen and Flip Avenue, LLC (collectively, Sellers), contending the court erred in determining as a matter of law that Buyers failed to present sufficient evidence of damages. We agree with Buyers that they were able to produce evidence of damages. We therefore reverse the district court's award of summary judgment in favor of Sellers and remand for further proceedings.

¶2 Buyers "became interested in purchasing and 'flipping' real property" and purchased from Sellers three properties (the Properties) in Detroit, Michigan. According to the Real Estate

Purchase Contract (the Contract), Buyers paid $103,000 for the Properties. After purchasing the Properties, Buyers hired "a real estate agent to inspect [the Properties] who said they were all in very poor condition, one had been flooded, and one was occupied by a squatter." Buyers filed a complaint against Sellers,[1] alleging fraud, negligent misrepresentation, constructive trust, and unjust enrichment.

¶3     According to Buyers, Sellers represented that the Properties were "'turn-key' rental properties," that they would supply "instant cash flow," and that they were valued higher than the price Sellers were asking. They claimed that they learned, after inspection, "one of the houses was worthless, and the other two (2) were worth about $2,500 each." To mitigate their damages, Buyers sold the Properties for a total of $22,000. Their complaint claimed that they reasonably relied on Sellers' representations about the Properties and that they sustained damages exceeding $100,000.

¶4     Following discovery, Sellers filed a motion for summary judgment. Among other things, Sellers argued that all of Buyers' claims for relief were "barred" because they "failed to prove damages." The district court granted summary judgment in favor of Sellers, basing its decision solely on its conclusion that Buyers "produced no evidence of their damages."

¶5     Buyers appeal and contend the district court erred when it granted summary judgment in favor of Sellers because there

---

1. The Contract included a choice of law provision and a forum selection clause, providing that Utah law would govern the Contract and designating Utah as the proper forum for any dispute arising out of the Contract. *See Coombs v. Juice Works Dev. Inc.*, 2003 UT App 388, ¶¶ 9–10, 81 P.3d 769; *see also* Utah Code Ann. § 78B-3-307(1) (LexisNexis 2012).

were genuine issues of material fact with regard to whether they sustained damages.[2]

¶6 Summary judgment is appropriately granted "if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Utah R. Civ. P. 56(a). When the district court grants summary judgment, "we review de novo whether the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law," *Dillon v. Southern Mgmt. Corp. Ret. Trust*, 2014 UT 14, ¶ 21, 326 P.3d 656 (quotation simplified), and recite "all facts and fair inferences drawn from the record in the light most favorable to the nonmoving party," *Poteet v. White*, 2006 UT 63, ¶ 7, 147 P.3d 439.

¶7 To recover damages, the party must prove both the "fact of damages" and the "amount of damages." *Atkin Wright & Miles v. Mountain States Tel. & Tel. Co.*, 709 P.2d 330, 336 (Utah 1985). To prove the "fact of damages," the party must "do more than merely give rise to speculation that damages in fact occurred" and instead must provide evidence that "give[s] rise to a reasonable probability that the [party] suffered damage[s]." *Id.* "[T]he standard for determining the amount of damages is not

---

2. Buyers raise other arguments on appeal with respect to whether (1) Sellers made false statements, (2) Buyers' reliance on Sellers' statements was reasonable, (3) Buyers requested proof of existing lease agreements, and (4) the Properties' defects were discoverable "pre-purchase." We decline to address those arguments because, although Sellers' moved for summary judgment on these grounds, the district court did not rule on them. We reverse the grant of summary judgment in favor of Sellers on the ground upon which the district court relied. *See infra* ¶¶ 8–9.

so exacting as the standard for proving the fact of damages," but "there still must be evidence that rises above speculation and provides a reasonable, even though not necessarily precise, estimate of damages." *Id.*

¶8 Here, the district court granted summary judgment in favor of Sellers based solely on its conclusion that Buyers "produced no evidence of their damages." The court referred to Murphy's deposition testimony in which she stated she did not "have any evidence of how much or whether the purchase price that [they] paid for [the Properties] was fraudulently inflated." Although Buyers' damages evidence may have flaws that may be explored on remand, Buyers have nevertheless demonstrated they suffered a loss between the amount for which they purchased the Properties and the amount they received upon selling them. Buyers asserted in their complaint that the Properties' values were significantly lower than what Sellers represented they were and lower even than the price Buyers paid for them. Buyers purchased the Properties for $103,000[3] and, about six months later, resold them for $22,000. They presented to the district court the sales contract for the resale of the Properties for $22,000, supporting their claim of damages. This was sufficient evidence to overcome a grant of summary judgment to Sellers based solely on the court's determination there was an absence of evidence of damages.

¶9 We conclude that Buyers presented evidence of both the fact and the amount of damages. We therefore reverse the district court's grant of summary judgment in favor of Sellers and remand for trial or other such proceedings as may now be appropriate.

_____

3. Buyers assert that both Buyers and Sellers agree that the total purchase price was $110,000, even though the Contract stated that the purchase price was $103,000.