2002 UT 15

**Susan Deneen BROWN, Plaintiff and Appellant,**

v.

**UTAH TRANSIT AUTHORITY, Defendant and Appellee.**

No. 20000867.

Supreme Court of Utah.

Jan. 29, 2002.

J. Kent Holland, Salt Lake City, for plaintiff.

Alan L. Sullivan, Scott C. Sandberg, Salt Lake City, for defendant.

DURHAM, Justice.

## BACKGROUND

¶ 1 On March 4, 1995, Susan Brown (Brown) fell while traveling on a Utah Transit Authority (UTA) bus. Brown sent a letter to the Utah Attorney General's office and to the "Utah Transit Authority, Claims Department" on March 1, 1996.[1] The letter was sent to serve as a notice of claim of Brown's accident under Utah Code Ann. § 63–30–11. On March 4, 1997, Brown filed a complaint against the UTA in Third District Court seeking damages related to the accident.

¶ 2 The Utah Transit Authority filed a motion for summary judgment. In opposition to that motion, Brown submitted the affidavit of Shawna Powers (Powers), an employee of Brown's lawyer in this matter. The affidavit related a telephone conversation between Powers and an employee of UTA's risk department, who allegedly informed Powers that UTA had received Brown's March 1, 1996 letter. UTA then filed an affidavit from James Anderson (Anderson), the UTA employee who had the alleged conversation with Powers. Anderson's affidavit included the assertion that when he receives notices of claims, he assumes that the claimant has also served the UTA's governing board, as required by the statute. Anderson stated that it was not his practice to forward such notices to the

UTA's board because it is the claimant's responsibility to do so.

¶ 3 The trial court granted the UTA's motion for summary judgment, and this appeal followed.

## ANALYSIS

¶ 4 This court has recently decided an appeal regarding essentially the same issues as the instant appeal. *See Greene v. Utah Transit Authority*, 2001 UT 109, ¶ 16, 37 P.3d 1156 (holding that strict compliance with the Utah Governmental Immunity Act is necessary to confer subject matter jurisdiction on a trial court to enable it to hear claims against governmental entities). *Greene* is dispositive of the issues under consideration in this appeal as well. Moreover, we adopt the critique offered in *Greene* of the UTA practice regarding timely notice of claim letters sent to the wrong office of the UTA. Accordingly, as more fully discussed in *Greene*, we urge a change in the UTA's approach in the future, but hold that the statute was not complied with here.

## CONCLUSION

¶ 5 The trial court's grant of summary judgment is affirmed.

¶ 6 Chief Justice HOWE, Associate Chief Justice RUSSON, Justice DURRANT, and Justice WILKINS concur in Justice DURHAM'S opinion.

---

1. While the record below does not contain a copy of Brown's March 1, 1996 letter, the content of the letter and addresses appear to be undisputed.