2006 UT App 36

### CEDAR PROFESSIONAL PLAZA, L.C., Plaintiff and Appellant,

v.

### CEDAR CITY CORPORATION, Defendant and Appellee.

No. 20040958–CA.

Court of Appeals of Utah.

Feb. 9, 2006.

Blaine T. Hofeling and Justin W. Wayment, Hofeling & Wayment LLP, Cedar City, for Appellant.

Allan L. Larson and David F. Mull, Snow Christensen & Martineau, Salt Lake City, for Appellee.

Before BENCH, P.J., DAVIS, and McHUGH, JJ.

1. The Utah Legislature amended and recodified the Act in 2004. *See* Utah Code Ann. §§ 63–30d–101 to –904 (2004). The injuries alleged to be caused by Cedar City occurred before those amendments and are governed by the former

## OPINION

McHUGH, Judge:

¶ 1 Cedar Professional Plaza, L.C. (Cedar Professional) appeals the trial court's dismissal with prejudice of its complaint against Cedar City Corporation (Cedar City) for failure to comply with the notice provisions of the Utah Governmental Immunity Act (the Act). *See* Utah Code Ann. §§ 63–30–1 to –38 (1997 & Supp.2001).[1] We affirm.

## BACKGROUND

¶ 2 On April 30, 2000, a buried irrigation pipe burst on property (City Property) owned by Cedar Affordable Housing, an entity of Cedar City Housing Authority, which was created by Cedar City. At the time of the incident, a low-income housing project was under construction on the City Property. The rupture caused flooding that infiltrated Cedar Professional's adjacent property, causing significant damage.

¶ 3 On June 29, 2000, and September 28, 2000, Cedar Professional sent two separate letters (First Notice and Second Notice, respectively) to Cedar City officials in an attempt to comply with the notice provisions of the Act. *See id.* §§ 63–30–11, –13. Thereafter, on January 8, 2001, Cedar Professional filed a complaint against Cedar City and others (First Complaint), claiming that Cedar City was liable for damages caused by the burst pipe due to its negligent supervision of the construction on the City Property.

¶ 4 Upon motion by Cedar City, the trial court dismissed the First Complaint on the grounds that the First Notice and Second Notice had not been directed to the authorized governmental agent identified in the Act. *See id.* § 63–30–11(3)(b)(ii)(A). Cedar Professional does not challenge the dismissal of the First Complaint. Although over a year had passed since the flooding, the trial court dismissed Cedar Professional's complaint without prejudice.

version of the Act. *See Houghton v. Department of Health,* 2005 UT 63,¶3 n. 2, 125 P.3d 860. Therefore, all references in this decision are to the former version of the Act.

¶ 5 On October 25, 2002, Cedar Professional prepared a new notice of claim (Third Notice) and delivered it to the proper governmental agent. *See id.* Subsequently, on January 10, 2003, Cedar Professional filed a new complaint against Cedar City (Second Complaint) that included claims for negligent supervision, as well as claims for direct negligence caused by Cedar City's own activities at the construction site on the City Property. Cedar City moved for summary judgment, arguing that the notice of claim had not been filed within one year as required by the Act. *See id.* § 63–30–13. The trial court agreed and dismissed the Second Complaint with prejudice. Cedar Professional appeals.

## ISSUE AND STANDARD OF REVIEW

■ ¶ 6 The issue before this court is the application of the discovery rule to the one-year notice requirement in the Act. *See id.* "The applicability of a statute of limitations and the applicability of the discovery rule are questions of law, which we review for correctness." *Russell Packard Dev., Inc. v. Carson,* 2005 UT 14, ¶ 18, 108 P.3d 741 (quotations and citation omitted).

## ANALYSIS

■ ¶ 7 Cedar City is a municipal corporation that can be sued only in accordance with the provisions of the Act. When a claim is against an incorporated city, the Act requires a plaintiff to deliver a notice of claim to the city recorder "within one year after the claim arises." Utah Code Ann. § 63–30–13; *see id.* § 63–30–11(3)(b)(ii)(A). There is no dispute that the First Notice and Second Notice were not delivered to the Cedar City recorder. Thus, the trial court properly dismissed the First Complaint for lack of subject matter jurisdiction. *See, e.g., Houghton v. Department of Health,* 2005 UT 63, ¶ 20, 125 P.3d 860 (providing that strict compliance with the notice requirements of the Act is necessary to confer subject matter jurisdiction); *Gurule v. Salt Lake County,* 2003 UT 25, ¶ 5, 69 P.3d 1287 (same); *Wheeler v. McPherson,* 2002 UT 16, ¶ 11, 40 P.3d 632 (same); *Greene v. Utah Transit Auth.,* 2001 UT 109, ¶¶ 15–16, 37 P.3d 1156 (same).

■ ¶ 8 On October 25, 2002, after the First Complaint was dismissed, Cedar Professional prepared the Third Notice, which it delivered to the Cedar City recorder. Although it was delivered to the correct governmental agent, *see* Utah Code Ann. § 63–30–11(3)(b)(ii)(A), the Third Notice was sent well over one year after the April 30, 2000 incident that caused the flooding. Cedar Professional argues that the Third Notice was timely because it was delivered within one year of the time Cedar Professional learned that Cedar City had operated construction equipment on the City Property and was allegedly negligent for its own activities, as opposed to being negligent in its supervision of other parties. We disagree.

■ ¶ 9 Nothing in the Act requires a claimant to set forth in the notice of claim each specific cause of action that might be pleaded against the government entity. Rather, the Act requires only that the notice of claim include "a brief statement of the facts," "the nature of the claim asserted," and "the damages incurred by the claimant so far as they are known." *Id.* § 63–30–11(3)(a)(i)–(iii). "The purpose of the notice is to provide[ ] the governmental entity an opportunity to correct the condition that caused the injury, evaluate the claim, and perhaps settle the matter without the expense of litigation." *Houghton,* 2005 UT 63 at ¶ 20, 125 P.3d 860 (alteration in original) (quotations and citations omitted). The notice need not meet the standards required to plead a claim for relief, but must include only "enough specificity in the notice to inform as to the nature of the claim so that the defendant can appraise its potential liability." *Id.* at ¶ 21 (quotations and citation omitted).

■ ¶ 10 Thus, the First Notice and Second Notice were sufficient to inform Cedar City of the nature of the claim so that it could appraise its potential liability. *See id.* The First Complaint named Cedar City as a defendant and asserted negligence claims against it. Had Cedar Professional directed the First Notice or Second Notice to the correct governmental agent, *see* Utah Code Ann. § 63–30–11(3)(b)(ii)(A), its First Complaint would not have been dismissed for lack of subject matter jurisdiction. Upon learn-

ing of Cedar City's direct involvement in the construction activities on the City Property, Cedar Professional would then have been entitled to amend the First Complaint to add additional negligence theories, even if the statute of limitations had run.[2] It is only because the First Notice and Second Notice were ineffective that Cedar Professional attempted to repackage its claims arising out of the April 30, 2000 incident as a new cause of action. Attempts to avoid the rigors of the Act by tactical characterization of a claim are disfavored. *See Gillman v. Department of Fin. Insts.*, 782 P.2d 506, 512 (Utah 1989) (rejecting bankruptcy trustee's attempt to cast a claim arising out of a regulator's licensing decision as a negligence action to avoid the Act); *see also Jensen v. IHC Hosps., Inc.*, 944 P.2d 327, 336–37 (Utah 1997) (rejecting attempt to avoid medical malpractice statute of limitations by characterizing claim as fraud).

¶ 11 Furthermore, Cedar Professional cannot rely on the discovery rule to avoid the effects of the running of the statutory time in which it could file a valid notice of claim. The Act provides that a claim against a governmental entity is barred unless a notice of claim is filed "within one year after the claim arises." Utah Code Ann. § 63–30–13; *see also Warren v. Provo City Corp.*, 838 P.2d 1125, 1128 (Utah 1992) ("The notice of claim provisions of sections 63–30–11 and 63–30–13 operate as a one-year statute of limitations in cases brought against a governmental entity."). "A claim arises when the statute of limitations that would apply if the claim were against a private person begins to run." Utah Code Ann. § 63–30–11(1). Generally, a statute of limitations is triggered "upon the happening of the last event necessary to complete the cause of action." *Russell Packard Dev., Inc. v. Carson*, 2005 UT 14, ¶ 20, 108 P.3d 741 (quotations and citation omitted). If the plaintiff does not commence litigation within the statutory time limit, the claim is barred. *See id.*

Furthermore, "[m]ere ignorance of the existence of a cause of action will neither prevent the running of [a] statute of limitations nor excuse a plaintiff's failure to file a claim within the relevant statutory period." *Id.*

¶ 12 In narrow instances, a statute of limitations may be tolled pending the discovery of the facts forming the basis of the claim. *See id.* at ¶ 21. The Act does not contain an internal statutory discovery rule. Thus, there are two situations in which the running of the one-year notice requirement in the Act may be tolled under the "equitable discovery rule":

> (1) where a plaintiff does not become aware of the cause of action because of the defendant's concealment or misleading conduct, and (2) where the case presents exceptional circumstances and the application of the general rule would be irrational or unjust, regardless of any showing that the defendant has prevented the discovery of the cause of action.

*Id.* at ¶ 25 (quotations and citations omitted). Cedar Professional concedes that, absent application of the equitable discovery rule, the Third Notice is untimely. It argues, however, that the one-year notice requirement in the Act, *see* Utah Code Ann. § 60–30–13, did not commence until it discovered Cedar City's direct participation in the construction activities on the City Property that allegedly caused the flooding.

¶ 13 There is nothing exceptional about the circumstances of this case that would satisfy the second situation for application of the equitable discovery rule, *see Carson*, 2005 UT 14 at ¶ 25, 108 P.3d 741, and Cedar Professional does not assert its application here. Thus, the Third Notice is timely only if Cedar Professional did not become aware of the cause of action because of the City's concealment or misleading conduct. *See id.* From the allegations contained in the First Complaint and the First Notice and Second Notice, it is undisputed that Cedar Profes-

---

**2.** Utah Rule of Civil Procedure 15(c) provides that new claims added in an amended complaint relate back to the date of the original complaint if "the claim ... asserted in the amended [complaint] arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original [complaint]." Utah R. Civ. P. 15(c); *see also Gary Porter Constr. v. Fox Constr., Inc.*, 2004 UT App 354, ¶ 40, 101 P.3d 371 (discussing test for relation back under rule 15(c)), *cert. denied*, 123 P.3d 815 (Utah 2005).

sional was aware of a negligence claim against Cedar City as early as June 29, 2000. Nevertheless, Cedar Professional asserts that the one-year notice period in the Act, *see* Utah Code Ann. § 63–30–13, did not commence until it discovered facts to support a direct negligence claim against Cedar City. We disagree.

¶ 14 Cedar Professional was not entitled to wait until it knew all of the facts supporting its negligence claim against Cedar City. It is enough that Cedar Professional was "aware that the governmental entity's action or inaction ha[d] resulted in some kind of harm to its interests." *Bank One Utah, N.A. v. West Jordan City*, 2002 UT App 271, ¶ 12, 54 P.3d 135. Further, this is not a case where the claimant was unaware that the governmental entity had harmed its interest. *See Vincent v. Salt Lake County*, 583 P.2d 105, 107 (Utah 1978) (holding that the one-year limit under the Act was tolled until the plaintiff learned, despite the defendant's contrary representations, that the defendant's storm drain was the cause of damage). Whether Cedar City had hoped to conceal its potential liability, which we do not decide, Cedar Professional knew enough to assert that Cedar City's negligence had resulted in "some kind of harm to its interests" as of the date of the First Notice. *Bank One Utah*, 2002 UT App 271 at ¶ 12, 54 P.3d 135. The fact that subsequently learned information allowed Cedar Professional to refine its negligence claim did not toll the one-year period during which it was required to serve notice upon Cedar City pursuant to the Act. *See* Utah Code Ann. § 63–30–13; *Peterson v. Union Pac. R.R. Co.*, 79 Utah 213, 8 P.2d 627, 630–31 (1932) (holding that plaintiff's amended complaint was not barred by the applicable statute of limitations where the amendment merely expanded on plaintiff's negligence theories, and stating that "in a tort action an amendment may vary the statement of the original complaint as to the manner in which the plaintiff was injured or as to the manner of the defendant's breach of duty").

## CONCLUSION

¶ 15 The trial court properly concluded that the discovery rule was inapplicable in this case and that Cedar Professional's action was barred by the one-year notice requirement in the Act. *See* Utah Code Ann. § 63–30–13. Therefore, we affirm the trial court's dismissal with prejudice of Cedar Professional's complaint.

¶ 16 WE CONCUR: RUSSELL W. BENCH, Presiding Judge and JAMES Z. DAVIS, Judge.