2007 UT App 282

**Daniel SUAZO, Plaintiff and Appellee,**

v.

**SALT LAKE CITY CORPORATION; Salt Lake County; and State of Utah, Defendants and Appellant.**

No. 20060797–CA.

Court of Appeals of Utah.

Aug. 23, 2007.

J. Wesley Robinson, Salt Lake City, for Appellant.

Randall Lee Marshall, Ogden, for Appellee.

Before GREENWOOD, Associate P.J., ORME and THORNE, JJ.

## OPINION

THORNE, Judge:

¶ 1 Salt Lake City (City) brings this interlocutory appeal of the district court's denial of the City's motion to dismiss Daniel Suazo's personal injury action. We reverse.

## FACTUAL BACKGROUND

¶ 2 On July 24, 2004, Suazo fell and was injured while hiking on land allegedly owned and maintained by the City.[1] On November 20, 2004, in an effort to comply with the Governmental Immunity Act of Utah (Act), see Utah Code Ann. §§ 63–30d–101 to –904 (2004 & Supp.2007), Suazo's counsel served notice of Suazo's injury on the City's risk manager, Jeff Rowley, by certified mail. Suazo's counsel mailed the notice to Rowley because Rowley had been listed as an appropriate agent to receive service on behalf of the City in a database that the Utah Department of Commerce, Division of Corporations and Commercial Code (Division) maintained in accordance with the Act.[2] See id. § 63–30d–401(6) (2004). Suazo and the City were unable to resolve Suazo's claim, and on March 22, 2006, Suazo served the City with a complaint seeking damages for alleged negligence.

¶ 3 The City moved to dismiss, arguing that Suazo had failed to file a notice of claim with the City pursuant to the Act and that the district court therefore lacked subject matter jurisdiction to hear Suazo's case against it. Suazo opposed the motion by filing a memorandum and affidavit of counsel stating that counsel had served notice upon Rowley and that counsel had obtained Rowley's name from the database. The City filed a reply memorandum and affidavit asserting for the first time that while Rowley had been listed on the database from June 28, 2004, through November 17, 2004, the City amended the database at 11:40 a.m. on November 17 to list city recorder Kendrick Cowley as the appropriate agent for receipt of service. Accordingly, the City argued, Suazo's November 20 notice to Rowley was ineffective and did not strictly comply with the Act.

¶ 4 The district court held a hearing on the City's motion, and issued the following order on August 14, 2006:

The Court having considered the motion and memoranda and for the good cause shown, finds the motion is not well taken. Indeed, although the applicable statute provides that "[t]he notice of claim shall be: directed ... to the office of: the city or town clerk ...," the same statute also requires the governmental entity to file a statement with the [Division] designating the office or agent to be served a notice of claim. Utah Code Ann. § 63–30d–401(5)(a)(ii). The statute further states: "A governmental entity may not challenge the validity of a notice of claim on the grounds that it was not directed and delivered to the proper office or agent if the error is caused by the governmental entity's failure to file or update the statement required by Subsection (5)." Utah Code Ann. § 63–30d–401(7).

In the instant [case], [Suazo's] counsel searched the [Division's] website and ascertained that Jeff Rowley, Risk Manager for [the City], was the person who should be served. While Mr. Rowley was listed in error and this error was corrected shortly

---

1. Due to uncertainty over the ownership of the exact location where Suazo fell, Suazo's complaint also names the State of Utah and Salt Lake County as defendants in this matter. However, the issue on appeal pertains solely to the City and we recite the facts accordingly.

2. The record is unclear as to whether Rowley was still the City's risk manager as of November 2004, but it is undisputed that the Division's database identified him as such for some period of time. In any event, Suazo's notice was directed and delivered to the office of the City's risk manager.

after its discovery, given the limited scope of time within which the aforementioned events took place, the Court finds that reasonable application of the statute demonstrates [Suazo's] compliance with the [Act's] requirements. Accordingly, [the City's] Motion to Dismiss is, respectfully, denied.

(Omissions in original.) (Footnote omitted.) The City appeals the district court's denial of its motion.

## ISSUE AND STANDARD OF REVIEW

¶ 5 The City argues on appeal that because Suazo did not strictly comply with the Act's notice requirements, the district court lacked subject matter jurisdiction and should have granted the City's motion to dismiss.[3] "Whether a trial court has subject matter jurisdiction presents a question of law which we review under a correction of error standard, giving no particular deference to the trial court's determination." *Case v. Case*, 2004 UT App 423, ¶ 5, 103 P.3d 171 (quotations and citation omitted).

## ANALYSIS

¶ 6 The Governmental Immunity Act of Utah mandates that "[a]ny person having a claim against a governmental entity . . . shall file a written notice of claim with the entity before maintaining an action." Utah Code Ann. § 63-30d-401(2). Proper notice under the Act is a jurisdictional prerequisite to any action against a governmental entity in the district court. *See Wheeler v. McPherson*, 2002 UT 16, ¶ 9, 40 P.3d 632 ("Compliance with the Immunity Act is a prerequisite to vesting a district court with subject matter jurisdiction over claims against governmental entities."). The Utah Supreme Court has been very explicit in its pronouncements that a plaintiff must strictly comply with the Act's requirements in order to bring suit against a governmental entity. *See id.* at ¶ 13 ("[W]e reiterate today that the Immunity Act demands strict compliance with its requirements to allow suit against

governmental entities."); *Greene v. Utah Transit Auth.*, 2001 UT 109, ¶¶ 13–17, 37 P.3d 1156. "The notice of claim provision, particularly, neither contemplates nor allows for anything less." *Wheeler*, 2002 UT 16 at ¶ 13, 40 P.3d 632.

¶ 7 Notice of claim must be filed within one year of the date that a claim arises. *See* Utah Code Ann. § 63-30d-402 (2004). In the case of a claim against an incorporated city, notice is to be directed and delivered to the city clerk. *See id.* § 63-30d-401(3)(b)(ii)(A). Alternatively, notice may be directed and delivered to an agent designated by a governmental entity in a statement that the entity is required to file with the Division. *See id.* § 63-30d-401(3)(b)(ii)(G), (5). The Division, in turn, is required to maintain a database of designated agents and to make the database available to the public both electronically and via hard copy. *See id.* § 63-30d-401(6).

¶ 8 Turning to the facts and circumstances of this case, it is factually undisputed that Suazo served notice only on Rowley, and did so on November 20, 2004, a date upon which Rowley was neither the city clerk nor the City's designated agent. Suazo did not subsequently deliver a notice of claim to either the city clerk or the City's designated agent within one year after his claim arose. Accordingly, Suazo failed to comply with the Act's requirements.

¶ 9 Suazo argues on appeal that Utah Code section 63-30d-401(7) operates to save the validity of his notice of claim, or at least precludes the City from asserting the defect in his notice. *See id.* § 63-30d-401(7). Subsection 401(7) states that "[a] governmental entity may not challenge the validity of a notice of claim on the grounds that it was not directed and delivered to the proper office or agent if the error is caused by the governmental entity's failure to file or update the statement required by Subsection (5)." *Id.* In his appellate brief, Suazo argues the City "did err-or fail to update—when it listed Rowley on the [d]atabase" and that "[b]ut for

---

**3.** We note that the district court looked at evidence outside the pleadings in deciding the City's motion to dismiss, and that the district court's order is therefore more appropriately characterized as one denying summary judgment to the City. *See Greene v. Utah Transit Auth.*, 2001 UT 109, ¶ 2, 37 P.3d 1156. The distinction is, however, immaterial to the resolution of this appeal.

[the City's] error, the notice would have been delivered to the appropriate agent."

¶ 10 The City responds that subsection 401(7) has no application where, as here, it did actually update the database prior to Suazo's notice to Rowley. However, we need not decide whether the City is correct because Suazo identifies nothing in the record that would allow us to apply subsection 401(7) in Suazo's favor. Although the district court cited subsection 401(7) in its order denying the City's motion, it did not base its ruling on that subsection. Nor did it identify any facts that would support an application of subsection 401(7). And there is nothing to suggest that the City's failure to update the database until November 17 *caused* Suazo to improperly serve his notice of claim on Rowley on November 20. To the contrary, as of November 20, the identity of Cowley rather than Rowley as the City's properly designated agent was "clear, readily available, and easily accessible by counsel," *Greene*, 2001 UT 109 at ¶ 14, 37 P.3d 1156, and had been for several days.

¶ 11 While we are not categorically rejecting the application of subsection 401(7) to database amendment situations, there is no indication in the record as to *when* Suazo actually obtained Rowley's name from the database. It is undisputed that Rowley was listed as the City's designated agent from June 2004 until November 17, 2004, and it can be safely assumed that Suazo checked the database sometime during that timeframe. Thus, when Suazo addressed his notice of claim to Rowley on November 20, he was relying on information that was at least two days old, and perhaps as old as several months.[4] The statute surely does not permit a claimant to check the database once, rely on that information for some unspecified period of days, weeks, or months, and then assert that his service on the wrong agent is caused by the governmental entity's subsequent updating of the database rather than his own failure to recheck the database at the time that service is effected.

¶ 12 Under these circumstances, it cannot reasonably be said that the City caused Suazo to serve notice on the wrong person. Even if we were to interpret subsection 401(7) as providing claimants some measure of protection here, the burden would certainly be on the claimant to establish when he or she consulted the database in relation to the amendment of the database and the improper service. This information would be necessary to evaluate the reasonableness of the claimant's reliance and determine causation. Suazo has not established the period of time between his check of the database and his service of notice on the wrong person in November 2004, and we accordingly reject his attempt to invoke subsection 401(7).

## CONCLUSION

¶ 13 The district court erred in concluding that Suazo complied with the Act's notice requirements, and Suazo has made no showing that the circumstances of the City's amendment of the database entitle him to relief under Utah Code section 63–30d–401(7). Accordingly, we reverse the district court's order denying the City's motion to dismiss and remand the matter to the district court with directions to dismiss Suazo's action against the City.

¶ 14 WE CONCUR: PAMELA T. GREENWOOD, Associate Presiding Judge and GREGORY K. ORME, Judge.

---

4. Suazo's appellate counsel, who also served as counsel below, confirmed at oral argument that the only evidence before the district court was that he had checked the database "some time" prior to serving Rowley on November 20.