2014 UT App 9

**Wade S. WINEGAR and Sandra Winegar,
Plaintiffs and Appellants,**

v.

**SPRINGVILLE CITY, Defendant
and Appellee.**

No. 20120898–CA.

Court of Appeals of Utah.

Jan. 16, 2014.

Todd S. Winegar and Wade S. Winegar, for appellants.

Dennis C. Ferguson and Timothy J. Bywater, for appellee.

Judge STEPHEN L. ROTH authored this Opinion, in which Judges CAROLYN B. MCHUGH and MICHELE M. CHRISTIANSEN concurred.

Opinion

ROTH, Judge:

¶1 Wade S. Winegar and Sandra Winegar appeal from the district court's grant of summary judgment to Springville City (the City). The Winegars contend that summary judgment was improper because the City failed to demonstrate that the Winegars' lawsuit was untimely under the Utah Governmental Immunity Act. We vacate the entry of summary judgment and remand to the district court.

BACKGROUND [1]

¶2 The Winegars owned a vacant wooded parcel along Hobble Creek in Springville, Utah. In May 2005, the City decided that it needed to clear obstructions from the Hobble Creek streambed. Without the Winegars' knowledge or consent, the City bulldozed approximately 100 trees on the Winegars' property to create a path to the creek. Some of the trees may have been growing on a maintenance easement accessible by the City, but many were on the Winegars' private property. The City left in place the debris created by the bulldozing.

¶3 On January 27, 2006, the Winegars filed a notice of claim for damages with the Springville City Clerk. The clerk forwarded the notice to the City Attorney, who began communicating with the Winegars in an effort to resolve their claim.

¶4 The Winegars received a letter, dated March 20, 2006, from an entity named Utah Risk Management Mutual Association (URMMA). The letter read,

> Our investigation into the claim you have made against Springville City for damage to your landscaping and property ... is now complete.

> Our investigation indicates that Springville City would not be held legally liable for any damages you may have sustained. The City has an easement on the property which allows [it] to enter the creek bed. [It] also ha[s] authority to take measures to clean out and maintain the creek bed to prevent flooding that might damage other property downstream.

> Because the City would not be held liable, we must respectfully decline to make any voluntary payments on this claim.

The letter was signed by a "claims adjuster" and copied the City Attorney. It did not explain what URMMA is or its relationship with the City. The City maintains that URMMA is the City's insurance carrier. The Winegars claim they were not aware that URMMA was the City's insurer or that the

---

1.  In reviewing a grant of summary judgment, we recite the facts and reasonable inferences that may be drawn from them in the light most favor- able to the nonmoving party. *Orvis v. Johnson*, 2008 UT 2, ¶6, 177 P.3d 600.

letter amounted to a denial of their notice of claim for damages.

¶ 5 On April 9, 2006, Mr. Winegar sent a letter to the City Attorney, purporting to follow up on a telephone conversation from the previous week. According to the letter, the City Attorney had advised the Winegars that they needed to file an amended notice of claim against the specific employees who bulldozed their property, and the letter requested that the City provide the employees' names. URMMA responded to the Winegars' letter on April 20, 2006:

> Your letter dated April 9, 2006, addressed to [the City Attorney], has been referred to us for a response[.]
>
> Your claim was denied on March 20, 2006. We are not prepared to continue negotiations with you by providing the information you have requested in your letter. If you cho[o]se not to accept our denial and if you cho[o]se to move this claim to the next step, your attorney can gather this information through the discovery process of the court syste[m].

¶ 6 On April 24, 2006, Mr. Winegar sent a letter to URMMA and the City Attorney, in which he acknowledged that URMMA had "outright deni[ed] ... the claim." He nevertheless stated his understanding that he needed to include the employees' names on the notice of claim and indicated that, by means of his letter, he was "amend[ing the] claim to include not only Springville City but all the unidentified employees who participated in any aspect of the work done at the above listed property, participated in the decision-making to do such work or carried trees or timber off the property." Mr. Winegar requested that the City Attorney or URMMA notify him "[i]f you believe I must follow a different process to amend my claim." No response from the City or URMMA is identified in the record.

¶ 7 One year later, on April 24, 2007, the Winegars filed a complaint against the City in the Fourth District Court. After a period of delay while the parties attempted to resolve their dispute and conduct discovery, the City filed a motion for summary judgment on April 15, 2011. The City alleged the following as undisputed facts: (1) the Winegars filed a notice of claim on January 27, 2006; (2) "[o]n March 20, 2006, Springville City denied [the Winegars'] claim by letter"; and (3) the Winegars filed a complaint in the Fourth Judicial District Court on April 24, 2007. According to the City, the Winegars' April 24, 2007 complaint was untimely because the Governmental Immunity Act of Utah (the Act) requires a "claimant ... [to] begin [a civil] action within one year after the denial of the claim," which occurred on March 20, 2006, *see* Utah Code Ann. § 63G–7–403(2) (LexisNexis 2011).[2] The City attached a copy of the notice of claim and the March 20 letter from URMMA to its motion but did not provide any affidavit or other evidence to support its statement that the City denied the claim.

¶ 8 The Winegars contested the second statement of undisputed fact, arguing that the March 20 letter was not a denial, the letter was not written by the City, and the City had not established that URMMA was its insurer. Therefore, they argued, their claim was never denied and their complaint was timely because it was filed within one year of the expiration of the deemed-denied period, which occurred on April 28, 2006. *See generally id.* § 63G–7–403(1)(b), (2) (explaining that if a claim is not denied within the denial period, the claimant shall begin action "within one year after the denial period specified in [the Act] has expired").[3] On May 26, 2011, the City filed a reply memo-

---

2. The Act was renumbered in 2008, but the pertinent subsections are identical to the versions in effect from 2005 to 2007. Accordingly, we cite the current version for the convenience of the reader.

3. The notice of claim was filed on January 27, 2006, and according to the Act, if the City failed to approve or deny the claim, the Winegars' claim was deemed denied after sixty days, or on March 29, 2006, *see* Utah Code Ann. § 63G–7–403(1)(b) (LexisNexis 2011) ("A claim is considered to be denied if, at the end of the 60–day period, the governmental entity or its insurance carrier has failed to approve or deny the claim.").

The Winegars filed their notice of claim on a form they received from the City, which incorrectly stated, "UNDER STATE LAW, THE CITY HAS 90 DAYS IN WHICH TO RESPOND TO A CLAIM. IF THE CITY DOES NOT RESPOND WITHIN 90 DAYS, THE CLAIM IS DEEMED

randum and a notice to submit its summary judgment motion for decision. The reply memorandum purported to amend the second statement of undisputed fact to read, "On March 20, 2006, City, through its insurer, the Utah Risk Management Mutual Association ('URMMA'), denied [the Winegars'] Notice of Claim." Again, the City did not submit an affidavit or other evidence to support its allegation that URMMA was its insurer.

¶ 9 On June 6, 2011, the Winegars filed a motion to either strike the reply because it included new factual allegations or, in the alternative, to allow the Winegars an opportunity to respond to the new matters raised in the reply memorandum prior to entry of a decision on the City's summary judgment motion. *See* Utah R. Civ. P. 7(c)(1) (explaining that a reply memorandum "shall be limited to rebuttal of matters raised in the memorandum in opposition"). The next day, June 7, the district court granted summary judgment to the City on the basis that the court lacked subject matter jurisdiction under the Act due to the Winegars having failed to file the complaint within one year of the denial of their claim through the URMMA letter dated March 20, 2006. The court did not address the Winegars' motion to strike or respond to the City's reply. The court dismissed the case with prejudice. The Winegars now appeal.

## ISSUES AND STANDARD OF REVIEW

¶ 10 The Winegars contend that because the City failed to establish that it was enti-

tled to judgment as a matter of law in its opening memorandum, the district court erred in granting summary judgment. The Winegars also argue that they were deprived of the opportunity to contest a material fact set forth only in the City's reply memorandum—that URMMA was the City's insurer—because the court failed to grant (or possibly even to consider) the Winegars' motion for leave to respond to the City's reply.[4]

¶ 11 Summary judgment is appropriate only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *Id.* R. 56(c). We review the grant of summary judgment for correctness, as a question of law, giving no deference to the district court's legal conclusions. *Basic Research, LLC v. Admiral Ins. Co.*, 2013 UT 6, ¶ 5, 297 P.3d 578.

## ANALYSIS

■ ¶ 12 "The Utah Supreme Court has been very explicit in its pronouncements that a plaintiff must strictly comply with the Act's requirements" in order to maintain an action against a governmental entity. *Suazo v. Salt Lake City Corp.*, 2007 UT App 282, ¶ 6, 168 P.3d 340 (citing *Wheeler v. McPherson*, 2002 UT 16, ¶ 13, 40 P.3d 632). The Act requires that "[a]ny person having a claim against a governmental entity, or against its employee for an act . . . occurring during the performance of the employee's duties, . . . file a

DENIED." The City's form had apparently not been updated after the Act's amendment in July 2004 to shorten the deemed-denied period from ninety to sixty days, *id.* § 63–30–14 (Michie 1997) (stating that a claim is "deemed to have been denied" after ninety days); *id.* § 63–30d–403(1)(b) & effective date (LexisNexis 2004) (current version at *id.* § 63G–7–403(1)(b) (LexisNexis 2011)) (stating that effective July 1, 2004, a "claim is considered denied if, at the end of the 60–day period," the claim has been neither approved nor denied).

The Winegars assert that the City is bound by its representation that the denial period was ninety days, which would allow them until April 28, 2006, to file their claim. This argument depends upon a determination that there was not a denial prior to April 28, 2006, i.e., that URMMA's March 20 letter did not amount to a lawful denial. *See* Utah Code Ann. § 63–30–14 (Michie

1997) (explaining that a claim is deemed denied if the City fails to approve or deny the claim within the prescribed time period); *id.* § 63–30d–403(1)(b) (LexisNexis 2004) (same); *id.* § 63G–7–403(1)(b) (LexisNexis 2011) (same). We do not reach the issues implicated in this claim because we vacate the summary judgment on another basis and leave the matter to be addressed as appropriate in the district court.

4. The Winegars also advance a number of equitable estoppel-based arguments for precluding the City from seeking dismissal of the Winegars' complaint. We do not reach those claims because we resolve the Winegars' challenge to the propriety of the process surrounding the summary judgment motion by vacating the grant of judgment.

written notice of claim with the entity before maintaining an action." Utah Code Ann. § 63G–7–401(2) (LexisNexis 2011). The notice of claim must be filed "within one year after the claim arises." *Id.* § 63G–7–402. The City does not dispute that the Winegars filed a timely notice of claim on January 27, 2006, for damages to their property stemming from the City's activities in connection with removal of the obstruction in Hobble Creek in May 2005. Rather, the issue on which summary judgment turned was whether the Winegars had timely filed their complaint after their claim was denied.

¶ 13 The Act provides that "[w]ithin 60 days of the filing of a notice of claim, the governmental entity or its insurance carrier shall inform the claimant in writing that the claim has either been approved or denied." *Id.* § 63G–7–403(1)(a). "A claim is considered to be denied if, at the end of the 60–day period, the governmental entity or its insurance carrier has failed to approve or deny the claim." *Id.* § 63G–7–403(1)(b). Then, "[t]he claimant shall begin the action [in the district court] within one year after the denial of the claim or within one year after the denial period ... has expired." *Id.* § 63G–7–403(2)(b). On March 20, 2006—fifty-two days after the filing of the notice of claim—URMMA wrote the Winegars that it "must respectfully decline to make any voluntary payments on [the] claim." The issue presented to us on appeal is whether the City established as a matter of law that the March 20 letter denied the Winegars' claim so as to entitle the City to judgment on the basis that the complaint, filed in April 2007, was untimely. We agree with the Winegars that the City did not.

¶ 14 On April 15, 2011, the City filed a motion for summary judgment in which it asserted that the district court did not have jurisdiction to hear the case because the Winegars' complaint "was not filed within a year from Springville City's denial of their notice of claim, making it untimely" and thereby depriving the district court of subject matter jurisdiction, *see Wheeler,* 2002 UT 16, ¶ 16, 40 P.3d 632 (upholding the dismissal of a complaint for lack of jurisdiction where the plaintiffs failed to strictly comply with the Act). The City's initial memorandum sets out just three facts, the last two of which are essential to the district court's summary judgment ruling that the Winegars' complaint was untimely: (2) "On March 20, 2006, Springville City denied [the Winegars'] claim by letter" (Fact Number 2) and (3) the Winegars filed their complaint in the Fourth Judicial District Court on April 24, 2007. In support of these facts, the City attached to its memorandum the January 27 notice of claim and the March 20 letter from URMMA.

¶ 15 The Winegars disputed only the City's representation as to when it had denied their claim and did so on two grounds. First, the Winegars disputed that the March 20 letter was actually a denial of their claim because the letter did not explicitly say the claim was denied but rather stated that URMMA "must respectfully decline to make any voluntary payments on [the] claim." Second, they asserted that URMMA, not the City, wrote the March 20 letter and the letter did not identify URMMA as the City's insurer. The Winegars further contend that the City did not explain that discrepancy in Fact Number 2, where the City simply alleged that it had "denied the claim by letter," which was attached with no affidavit and no explanation of who URMMA was—"A claims adjusting company? An agent of Springville's insurer? Springville's insurer itself?" Thus, the Winegars argued that even if the letter amounted to a denial of their claim, the City had failed to establish that either the City or its insurer sent the March 20 letter, as the Act required, *see* Utah Code Ann. § 63G–7–403(1) (providing that only the governmental entity or its insurance carrier may approve or deny a claim).

¶ 16 The City filed a reply memorandum on May 26, 2011. In it, the City responded to this criticism most directly by amending Fact Number 2 to assert that "[o]n March 20, 2006, City, *through its insurer,* the Utah Risk Management Mutual Association ('URMMA'), denied [the Winegars'] Notice of Claim." (Emphasis added.) Again, the City failed to provide an affidavit or other evi-

dence to support its statement.[5] That same day, the City submitted its summary judgment motion for decision.

¶ 17 On June 6, the Winegars filed a motion to strike the City's reply or, in the alternative, for the court's leave to respond to the reply. The Winegars asserted that the inclusion of new information in the City's reply to counter the Winegars' denial of Fact Number 2 undermined the notions of "procedural fairness," which required the City to include all facts necessary to make out its summary judgment claim in the opening motion so that the Winegars could have an opportunity to respond. The next day, the district court granted summary judgment, without ruling on the Winegars' motion to strike or respond and with no indication whether the court had even become aware of the motion before its ruling.

¶ 18 The Winegars contend that the district court erred in granting summary judgment because (1) the City failed to prove that it was entitled to judgment as a matter of law and (2) the court failed to rule upon the Winegars' motion to strike or respond. First, the Winegars assert that Fact Number 2 failed to establish that the Winegars' claim had actually been denied by the City or its insurance carrier so as to begin the one-year period for commencing legal action in the district court. After the Winegars pointed this out in their opposition, the City attempted to remedy the flaw by amending Fact Number 2 in the reply but did so without submitting evidence to support its assertion. Second, the Winegars assert that it was improper for the court to consider the amended Fact Number 2 when it conveyed new information that could not be disputed by the Winegars in the ordinary course of the summary judgment pleadings permitted by rule 7 of the Utah Rules of Civil Procedure with-

out leave of court. Overarching the argument that the grant of summary judgment was improper is a claim that the City's narrow basis for seeking summary judgment—that the City denied the Winegars' claim in the March 20 letter—caused the Winegars not to assert several estoppel claims that would have been pertinent had the City's motion not been so narrowly focused.

¶ 19 A party seeking summary judgment must file a motion, along with a supporting memorandum and any affidavits or other evidence, that demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Utah R. Civ. P. 56(c). "The motion, memoranda and affidavits shall be in accordance with Rule 7" of the Utah Rules of Civil Procedure. *Id.* While rule 7 provides that "[a] party may attach as exhibits to a memorandum relevant portions of documents cited in the memorandum, such as affidavits or discovery materials," *id.* R. 7(c)(3)(D), it does not change rule 56's requirement that a summary judgment motion be supported by admissible evidence, *id.* R. 56(c); *see also Sunridge Dev. Corp. v. RB & G Eng'g, Inc.*, 2013 UT App 146, ¶ 17, 305 P.3d 171 ("[I]nadmissible evidence cannot be considered in ruling on a motion for summary judgment." (alteration in original) (citation and internal quotation marks omitted)). The nonmoving party may then file a memorandum in opposition in which he "provide[s] an explanation of the grounds for any dispute, supported by citation to relevant materials." Utah R. Civ. P. 7(c)(1), (3)(B). Then, the moving party may file a reply memorandum, but that reply "shall be limited to rebuttal of matters raised in the memorandum in opposition." *Id.* R. 7(c)(1). "No other memoranda will be considered without leave of court." *Id.*

---

5. The City also added three facts intended to demonstrate that the Winegars knew both that URMMA was the City's insurer and that their claim had been denied. The three additional facts referenced correspondence between the Winegars and URMMA in April 2006, in which URMMA explicitly stated that the claim had been denied (the April 20 letter) and the Winegars acknowledged the denial of their claim (the April 24 letter). The City attached copies of those letters as exhibits to the reply memorandum.

The City highlighted the fact that in both the March 20 letter and the follow-up April 20 letter, URMMA "identified [the Winegars'] claim [and] ... indicated their claim had been investigated and it was determined the City was not liable." Again, the City did not support these facts by affidavit or other evidence, and because this new information was presented only in the reply memorandum, the Winegars did not have an opportunity to respond to it.

¶ 20 The City's initial statement of undisputed facts alleges that "Springville City" denied the Winegars' claim by letter on March 20, 2006. This statement is called into question, at least on its face, by the attached March 20 letter, which is on URMMA letterhead and signed only by a "claims adjuster." And while the letter itself refers to "the claim you have made against Springville City," it does not contain any information that supports a reasonable evidentiary inference that although the City said *it* denied the claim, the City actually meant that it complied with the statutory denial requirements by having its insurer deny the claim. While one might reach the conclusion that URMMA was the City's insurer by a series of logical steps—e.g., the City asserts that it denied the claim; under Utah law, the City could only deny the claim itself or through its insurer; the City itself did not write the March 20 letter; therefore, URMMA must be the City's insurer—those steps require assumptions not supported by actual evidence and the conclusion they lead to is necessarily speculative. *See State v. Cristobal*, 2010 UT App 228, ¶ 16, 238 P.3d 1096 ("A reasonable inference is a conclusion reached by considering other facts and deducting a logical consequence from them," while speculation is "the act or practice of theorizing about matters over which there is no certain knowledge." (citation and internal quotation marks omitted)). In considering whether an inference may reasonably be drawn, a "reviewing court will stretch the evidentiary fabric as far it will go. But this does not mean [we] can take a speculative leap across a remaining gap...." *State v. Pullman*, 2013 UT App 168, ¶ 14, 306 P.3d 827 (citation and internal quotation marks omitted). For the City to establish that it had denied the claim on March 20 in accordance with the Act, it must have introduced evidence establishing that URMMA was its insurer at the time, and the letter itself does not accomplish that.

¶ 21 The City acknowledged this problem in its reply memorandum supporting its motion for summary judgment by purporting to amend the original Fact Number 2 to read, "On March 20, 2006, City, *through its insurer, the Utah Risk Management Mutual Association ('URMMA')*, denied [the Winegars'] Notice of Claim." (Emphasis added.) This is insufficient. A reply memorandum is "limited to rebuttal of matters raised in the memorandum in opposition." Utah R. Civ. P. 7(c)(1). "Where a party first raises an issue in his reply memorandum, it is not properly before the trial court" unless the party has received leave of the court to raise a new issue. *Soriano v. Graul*, 2008 UT App 188, ¶ 12, 186 P.3d 960 (citations and internal quotation marks omitted). Moreover, even if the City's amendment of Fact Number 2 could be construed as "rebuttal of matters raised in the [Winegars'] ... opposition," *see* Utah R. Civ. P. 7(c)(1), the amendment of Fact Number 2 alone does not demonstrate that the City is entitled to summary judgment as a matter of law, *see id.* R. 56(c). To prevail on summary judgment, the moving party must produce some factual evidence to demonstrate that there is no genuine issue of material fact. *See Orvis v. Johnson*, 2008 UT 2, ¶¶ 16, 18, 177 P.3d 600 ("Utah law ... requires a [summary judgment] movant to affirmatively provide factual evidence establishing that there is no genuine issue of material fact.... [The movant] may satisfy its burden on summary judgment by showing, by reference to 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' that there is no genuine issue of material fact." (quoting Utah R. Civ. P. 56(c))). The City's fact statement is not adequately supported. It amounts to a bare allegation, the truth and sufficiency of which have been called into question by the Winegars' opposition. Without a supporting affidavit or some other evidence establishing that the City's insurer was, in fact, URMMA, the City has failed to demonstrate that it is entitled to judgment as a matter of law.

¶ 22 Furthermore, the City's attempt to add a crucial fact demonstrating its entitlement to summary judgment in the reply memorandum deprived the Winegars of an opportunity to fully challenge the summary judgment motion, either by contesting the new statement of undisputed facts or by raising other defenses, such as the estoppel defenses they raise on appeal. The Wine-

gars took appropriate action under rule 7 by filing a motion for leave to file a response, but the district court did not resolve that motion prior to granting summary judgment. Indeed, it is not apparent from the record whether the court even saw the Winegars' motion, as it was filed the day before the grant of summary judgment and was not yet ripe for the district court to resolve. *See* Utah R. Civ. P. 7(c)(1) (allowing the other party ten days to file an opposition to a motion); *id.* R. 7(d) (providing for submission to the district court for decision after briefing is complete). We therefore conclude that the Winegars were prejudiced by the lack of an opportunity to respond to the City's reply memorandum.

¶ 23 Accordingly, we vacate the grant of summary judgment and remand for further proceedings. Because of the nature of our decision, we do not reach any of the other issues the Winegars raised regarding the district court's decision.

¶ 24 The City requested its attorney fees on appeal pursuant to rule 33 of the Utah Rules of Appellate Procedure. Rule 33 allows the appellate courts to "award just damages, which may include ... reasonable attorney fees, to the prevailing party" when a civil "appeal ... is either frivolous or for delay." Utah R.App. P. 33(a). The City is not the prevailing party, nor is the Winegars' appeal frivolous or for delay. We therefore deny the City's request for attorney fees.

## CONCLUSION

¶ 25 We vacate the grant of summary judgment in favor of the City and remand the case to the district court. The City's request for rule 33 attorney fees is denied.