**2015 UT App 148**

## THE UTAH COURT OF APPEALS

JERAD ANDERSON, KATHY ANDERSON, CARELYN MARBLE,
AND AMANDA MARBLE,
Appellants,
*v.*
THE HONORABLE DONALD J. EYRE JR.; THE HONORABLE CHRISTINE
S. JOHNSON; FOURTH DISTRICT COURT; STATE OF UTAH; STEPHEN
QUESENBERRY, JUDGE PRO TEMPORE; LORIE FOWLKE, JUDGE PRO
TEMPORE; OREM CITY JUSTICE COURT; AND OREM CITY,
Appellees.

Per Curiam Decision
No. 20150174-CA
Filed June 11, 2015

Third District Court, Salt Lake City Department
The Honorable Paul G. Maughan
No. 140906468

Jerad Anderson, Kathy Anderson, Carelyn Marble,
and Amanda Marble, Pro Se Appellants

Sean D. Reyes and Peggy Stone, Attorneys for
Appellees The Honorable Donald J. Eyre Jr., The
Honorable Christine S. Johnson, Fourth District
Court, and State of Utah

Greg W. Stephens and Heather Schriever, Attorneys
for Appellees Stephen Quesenberry, Judge Pro
Tempore; Lorie Fowlke, Judge Pro Tempore; Orem
City Justice Court; and Orem City

Before JUDGES JAMES Z. DAVIS, MICHELE M. CHRISTIANSEN, and
KATE A. TOOMEY.

PER CURIAM:

¶1 Appellants Jerad Anderson, Kathy Anderson, Carelyn
Marble, and Amanda Marble appeal the dismissal of their

complaint against the Honorable Donald J. Eyre Jr., the Honorable Christine S. Johnson, the Fourth District Court, and the State of Utah (collectively, the State Defendants) and against Stephen Quesenberry, Lorie Fowlke, the Orem City Justice Court, and Orem City (collectively, the Orem City Defendants). This case is before the court on separate motions seeking summary disposition filed by the State Defendants and the Orem City Defendants. Appellants oppose summary disposition. We grant both motions and summarily affirm the district court's dismissal orders.

¶2    Appellants alleged that they were discriminated against by the State Defendants in several civil cases, that Judge Eyre and Judge Johnson violated state laws and rules of civil procedure and violated Appellants' constitutional rights, and that Judge Eyre violated his oath of office. Appellants' complaint also included allegations of wrongful acts by court personnel. All of the claims against the State Defendants relate to decisions or actions taken by judges or court personnel in district court cases. A claim against a governmental defendant is barred if a notice of claim is not properly filed within one year after the claim arises. Utah Code Ann. § 63G-7-402 (LexisNexis 2011). Failure to comply with the notice-of-claim provisions of the Governmental Immunity Act of Utah (the UGIA) deprives a court of subject matter jurisdiction to consider the claims in a subsequently-filed lawsuit. *Patterson v. American Fork City*, 2003 UT 7, ¶ 10, 67 P.3d 466. Because Appellants' complaint alleged that the State Defendants took wrongful actions in March, May, and June of 2012, but Appellants did not file a notice of claim until August 9, 2013, which was more than a year after the allegedly wrongful actions occurred, the district court lacked subject matter jurisdiction to consider the claims. The district court properly dismissed all of Appellants' claims against the State Defendants that arose before August 9, 2012, for lack of subject matter jurisdiction.

¶3    To the extent that any claims against the State Defendants can be construed as arising after August 9, 2012, the claims are

barred by application of the doctrine of judicial immunity. All of the claims against Judge Eyre, Judge Johnson, and court personnel are based upon Appellants' disagreement with rulings and actions taken in various civil cases. The State Defendants correctly state that "judges are immune from suit for actions taken in their judicial capacities, except when those actions have been taken in the absence of subject matter jurisdiction." *Parker v. Dodgion*, 971 P.2d 496, 498 (Utah 1998) (citation and internal quotation marks omitted). Appellants make no credible argument that the allegedly wrongful acts were taken in the absence of subject matter jurisdiction. Furthermore, quasi-judicial immunity is properly extended to court personnel when, as here, the acts were committed as an integral part of the judicial process within the cases. *Bailey v. Utah State Bar*, 846 P.2d 1278, 1280 (Utah 1993) (stating immunity should be granted if the acts were committed in the performance of an integral part of the judicial process). The district court also correctly dismissed the complaint because any claims that were not barred under the UGIA are barred under the doctrine of judicial immunity. It is therefore unnecessary to consider the additional grounds articulated by the district court in dismissing the complaint.

¶4    The district court also properly dismissed the complaint against the Orem City Defendants. Appellants failed to file a notice of claim with Orem City in strict compliance with the UGIA. *See* Utah Code Ann. § 63G-7-401(3)(b)(ii)(A) (LexisNexis 2011). Filing a proper notice of claim "is a jurisdictional prerequisite to any action against a governmental entity in the district court." *Suazo v. Salt Lake City*, 2007 UT App 282, ¶ 6, 168 P.3d 340. The district court correctly dismissed the complaint against the Orem City Defendants because Appellants failed to timely and properly serve the notice of claim on Orem City as required by the UGIA.[1]

---

1. In the district court, Orem City submitted the affidavit of the City Recorder stating that no notice of claim was received by

(continued…)

¶5     Even if the district court could be deemed to have subject matter jurisdiction over the claims against the Orem City Defendants by virtue of Jerad Anderson's filing of a notice of claim in the Orem City Justice Court, the district court correctly found that the claims against the Orem City Defendants were barred under the doctrine of judicial immunity because the acts alleged in the complaint against the Orem City Defendants were performed while Judge Quesenberry and Judge Fowlke were acting within their judicial capacities as judges pro tem. *See Parker*, 971 P.2d at 498 (stating that judges are immune from suit for actions taken in their judicial capacities, except when the actions are taken in the absence of subject matter jurisdiction). Because the judges are immune from suit, neither Orem City nor the Orem City Justice Court are liable as a result of their actions. It is unnecessary to address the additional grounds for the district court's dismissal.

¶6     Accordingly, we grant the motions for summary disposition and affirm the dismissals by the district court.

---

(…continued)
Orem City. Although Orem City noted that Appellant Jerad Anderson filed a notice of claim with the Orem City Justice Court on August 15, 2013, that filing did not strictly comply with the requirements of the UGIA because it was not delivered to Orem City or its authorized agent. *See Cedar Prof'l Plaza v. Cedar City Corp.*, 2006 UT App 36, ¶ 7, 131 P.3d 275.